UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RUSLAN YASKO**<br>A249-378-676 | **DOCKET NO. 2:25-cv-01255**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JAMIEN A. ARWIE, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on August 28, 2025, by pro se petitioner Ruslan Yasko ("Petitioner"). Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

I.   BACKGROUND

Petitioner seeks a writ of habeas corpus arguing that ICE has detained him beyond the removal period authorized by statute, and he is unlikely to be removed in the near future. Doc. 1, pp. 6-7. Petitioner was born in Belarus Republic. Doc. 1-2, p. 3. He entered the United States on June 30, 2024, and was ordered removed from the United States on May 5, 2025. *Id*. Petitioner argues that deportation to his home country is not possible in the foreseeable future, as his country does not have reparation arrangements with the United States. He asks this Court to order the Respondents to immediately release him from custody. *Id*. at p. 12.

II.   LAW & ANALYSIS

A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United

States District Courts.  Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

Petitioner has been in post-removal-order detention since May 5, 2025.  Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id*.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal order was entered on May 5, 2025, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, his habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115

F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

### III.  CONCLUSION

For the reasons stated above, Petitioner's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 17th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**